Karine **HOVHANNISYAN**; Eduard Ghazaryan; Nune Ghazaryan; Gayane Ghazaryan, Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76711.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 19, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael S. Cabrera, Esq., Huntington Park, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Sarah L. Weyler, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

Karine Hovhannisyan, her husband and two daughters, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir.2004), and grant the petition for review and remand for further proceedings.

The BIA found Hovhannisyan not credible based on two grounds. First, the BIA noted an inconsistency between an asylum officer's written summary of Hovhannisyan's asylum interview, and Hovhannisyan's testimony before the IJ, regarding the treatment of her injuries. However, the BIA did not address Hovhannisyan's testimony that the asylum officer's summary was inaccurate. *See Kaur,* 379 F.3d at 887 (inconsistency does not support adverse credibility finding where explanation is not considered and addressed); *see also Singh v. Gonzales,* 403 F.3d 1081, 1087 (9th Cir.2005) ("Certain features of an asylum interview make it a potentially unreliable point of comparison to a petitioner's testimony for purposes of a credibility determination.").

The BIA also relied on an alleged discrepancy between Hovhannisyan's testimony and her declaration regarding the conditions of her release from detention in August 2000. However, Hovhannisyan was not afforded an opportunity to explain the alleged discrepancy at her hearing. *See Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004) (perceived inconsistency which agency failed to afford alien an opportunity to explain does not support adverse credibility determination).

Accordingly, we grant the petition for review and remand for a determination,

accepting Hovhannisyan's testimony as true, whether Petitioners are eligible for asylum, withholding of removal and relief under the CAT. *Chen*, 362 F.3d at 621.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.